# EXHIBIT A

CASE NO. 19-C-137                                          OPENED  5/31/2019

JUDGE...      JUDGE ROBERT A. WATERS

         PLAINTIFF.   MERLIN ENTERPRISES LLC
VS DEFENDANT.   LIBERTY MUTUAL GROUP D/B/A/LIBERTY MUTUAL INSURANCE COMPANY

         PRO ATTY..   TODD WISEMAN
         DEF ATTY..


   PAGE#     DATE MEMORANDUM..............

   00001    5/31/19 Case info;comp fld;sums &1 issd;rtn 30 days;rtn back to Atty
   00002    2/28/20 Service rtn for Liberty Mutual Ins. served on 2/24/20 by SOS

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 6821 15

LIBERTY MUTUAL INSURANCE COMPANY
Corporation Service Company
209 West Washington Street
Charleston, WV 25302



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 255119

**Defendant:** LIBERTY MUTUAL INSURANCE COMPANY
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Wood
**Civil Action:** 19-C-137
**Certified Number:** 92148901125134100002682115
**Service Date:** 2/24/2020

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

SUMMONS

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**MERLIN ENTERPRISES LLC**

Plaintiff(s)

VS:

Civil Action # **19-C-137**

**LIBERTY MUTUAL GROUP D/B/A
LIBERTY MUTUAL INSURANCE COMPANY**

Defendant(s)

To the above named defendant(s):   **LIBERTY MUTUAL INSURANCE COMPANY
CORPORATION SERVICE COMPANY
209 WEST WASHINGTON STREET
CHARLESTON WV 25302**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Todd Wiseman**, Plaintiff's Attorney, whose address is **Wiseman Law Firm, PLLC, 1510 Grand Central Avenue, Vienna, WV 26105,** an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: May 31, 2019

_____
Clerk Circuit Court

By: _____
Deputy

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

MERLIN ENTERPRISES LLC,

    Plaintiff,

v.                                        Civil Action No.: 19-C-137
                                              Judge: _____

LIBERTY MUTUAL GROUP D/B/A
LIBERTY MUTUAL INSURANCE COMPANY

    Defendant.

## COMPLAINT

Comes now the plaintiff, Merlin Enterprises, LLC (sometimes referred to as "plaintiff"), for his causes of action against defendant, Liberty Mutual Group D/B/A Liberty Mutual Insurance Company (sometimes referred to as "Liberty Mutual Insurance Company" or "Liberty"), whereas, the plaintiff alleges as follows:

### I. Preface

1. Plaintiff is at all relevant times herein, a corporation organized under the laws of the State of West Virginia with its principal place of business in Wood County, West Virginia.

2. Defendant Liberty is a corporation organized under the laws of the State of Massachusetts with its principal place of business being Boston, MA, and, at all times relevant herein, Liberty is a corporation engaged in the business of insurance in the State of West Virginia.

3. Upon information and belief, Liberty is authorized to conduct business in the State of West Virginia, and more particularly, in Wood County, West Virginia.

4. Upon information and belief, Liberty is in the business of insurance sales, policyholder service and claims handling in the State of West Virginia.

5. More specifically, Liberty is in the business of handling claims which arise under policys sold in the State of West Virginia, such as the policy at issue sold to the plaintiff.

6. Prior to the facts giving rise to this matter, Liberty accepted responsibility and undertook a duty to properly solicit, sell and service an insurance policy to cover the plaintiff's buildings.

FILED IN OFFICE

MAY 3 1 2019

CAROLE JONES
CLERK CIRCUIT COURT

## FACTS

7. This civil action arises from the policy ("the policy") that Liberty sold to plaintiff to cover its' buildings and property located in Vienna, West Virginia.

8. On a prior date to the sale of the policy, Liberty represented to the plaintiff that the policy was appropriately suited to meet the plaintiff's needs.

9. Plaintiff reasonably expected that Liberty would exercise reasonable care in procuring an appropriate policy of insurance for the plaintiff.

10. Subsequent to the sale of the policy to the plaintiff, a hailstorm occurred on July 22, 2017 ("storm loss").

11. The storm loss caused the plaintiff to suffer significant damage to the buildings on its' property which the plaintiff expected and/or intended would be covered by the policy.

12. Plaintiff paid valuable premiums for coverage afforded by the policy.

13. Plaintiff promptly and properly notified Liberty of its' loss.

14. Plaintiff, by properly reporting its' first party storm claim to Liberty, placed defendant on notice of his desire to recover the full value of his claim in accordance with the terms and provisions of the policy.

15. Despite knowing the plaintiff's desire to recover contractual damages in accordance with the terms and provisions of the policy, defendant Liberty has engaged in unwarranted and unscrupulous delay tactics, and has wrongfully denied a substantial portion of plaintiff's valid claim under the term of the policy plaintiff had in place with Liberty.

16. Liberty has placed its own interest well ahead of the welfare of the plaintiff in the manner in which it has handled plaintiff's claim.

17. Liberty has forced the plaintiff to submit to unreasonable inquiry about the loss, and it has engaged in speculation to avoid paying all or part of a claim that should be paid.

18. As a direct result of the conduct of Liberty, plaintiff was forced to obtain legal counsel.

19. As a direct result of the conduct of Liberty, by its arbitrary and capricious refusal to pay in accordance with the contract, the plaintiff has been compelled into litigation.

20. Liberty has wrongfully and improperly denied the plaintiff's claim.

## COUNT I
## BREACH OF CONTRACT

21. The plaintiff incorporates, re-alleges and reasserts each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

22. Plaintiff entered into a contract to purchase an insurance policy from Liberty.

23. Based upon the representations made to plaintiff by Liberty, plaintiff entered into a contract with Liberty which contained certain promises, express and implied, as represented by Liberty.

24. Under the terms of the contract, plaintiff understood that it had purchased a policy which suited his needs.

25. Because of Liberty's conduct, plaintiff was forced to obtain the assistance of counsel as an effort to cause Liberty to provide plaintiff with the full extent of Liberty's contractual obligations owed to plaintiff.

26. Plaintiff has received absolute assurance from Liberty that it has no intention of paying the full value of the claim.

27. Liberty has acted in complete breach of its contractual obligations owed to the plaintiff.

## COUNT II
## BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALINGS

28. The plaintiff incorporates, re-alleges and reasserts each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

29. There is a common law duty of good faith and fair dealing flowing from insurers to its insureds, contract owners and/or insurance contract of any kind based upon the existence of a contract.

30. Including but not limited to an obligation to conduct a reasonable investigation of all available facts related to the purchase and sale of the subject contract to the plaintiff, Liberty has unequivocally breached such duty and other duties owed to the plaintiff.

Merlin Complaint – Page 3

31. In refusing to act in a manner that is consistent with its contractual obligations owed to plaintiff, Liberty knowingly, wrongfully, intentionally and maliciously breached the contract that it maintained with the plaintiff.

32. Liberty engaged in unwarranted and unscrupulous denial of coverage tactics that compelled plaintiff into litigation and exposed it to greater damages.

33. Liberty placed its own interests well ahead of plaintiff's interest in the manner in which it has handled and continues to handle plaintiff's claim.

34. Liberty knew or should have known that its refusal to tender the monies from the contract to the plaintiff was wrongful and totally unsupported by the contract and the course of dealings between the parties and by law.

35. Liberty continues to engage in wrongful conduct knowing that plaintiff reasonably expected Liberty to treat it fairly, follow the rulings of this Court, the laws of this State and the Insurance Commissioner's Regulations.

36. Liberty has conducted itself in a manner that is not only offensive and outrageous to plaintiff, but to the general public, all while knowing full well that it continues to recklessly violate its contractual duties to the plaintiff.

37. Upon information and belief, Liberty acted willfully, wantonly, maliciously and in reckless disregard for the civil rights of plaintiff. Said acts, conduct and/or omissions were done with criminal indifference so to permit an award of punitive damages.

### COUNT III
### CLAIMS ARISING UNDER UNFAIR TRADE PRACTICE ACT VIOLATIONS AND THE WEST VIRGINIA INSURANCE COMMISSIONER'S REGULATIONS

38. The plaintiff incorporates, re-alleges and reasserts each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

39. Liberty is engaged in the business of insurance in the State of West Virginia and therefore, subject to the West Virginia Unfair Trade Practices Act, including the rules and regulations of the State Insurance Commissioner, §114-14-1.0, et seq., promulgated pursuant to West Virginia Code §33-2-10, which have the full force and effect of the statutory law.

40. Upon information and belief, Liberty wrongfully intentionally and maliciously failed and/or refused to conduct a reasonable investigation of all aspects of plaintiff's claim and further refused to conduct itself in conformity with the directives of the West Virginia Insurance Commissioner's Office.

41. Upon information and belief, Liberty, its officers, agents and employees, have knowingly, wrongfully, intentionally and maliciously engaged in conduct that is unconscionable, deceptive, wrong and outrageous with regard to its coverage positions that are contrary to the laws of this State, and the rulings of the West Virginia Supreme Court of Appeals.

42. Upon information and belief, Liberty, its officers, agents and employees, committed acts and/or omissions or failures described herein, knowingly, wrongfully, intentionally and maliciously, and as part of a general business practice of violating the provisions of West Virginia Code § 33-11-4.

43. Upon information and belief, Liberty has committed these acts and other acts not denominated above, which constitute numerous violations of the Insurance Unfair Trade Practices Act, West Virginia Code § 33-11-4.

44. Upon information and belief, the wrongful, intentional, and malicious acts, omissions and/or conduct of Liberty has compelled plaintiff to institute litigation and suffer hardship in many ways, including, but not limited to, delay, financial hardship, embarrassment, annoyance and inconvenience.

45. Upon information and belief, Liberty has violated West Virginia's Unfair Claims Settlement Practices Act in handling plaintiff's claim and has done so with respect to the claims of others with such frequency so as to constitute a general business practice.

46. Upon information and belief, Liberty acted willfully, wantonly, maliciously and with reckless disregard for the civil rights of plaintiff. Said acts, conduct and/or omissions were done with criminal indifference so as to permit an award of punitive damages.

47. The acts of Liberty indicate a general business practice and misconduct arising from a habit, custom, usage or business contract.

48. As a direct, proximate and foreseeable result of Liberty's conduct, plaintiff has been subjected to bad faith, forced to spend needless amount of its' own resources to force the defendants to act in compliance with the law, been aggravated and annoyed, been inconvenienced,

and embarrassed, all in violation of the rules, regulation and statutes governing the Liberty' conduct.

49. As a direct and proximate result of Liberty' acts and breaches, plaintiff has sustained economic damages, aggravation, annoyance, inconvenience, consequential damages, incidental damage, attorneys' fees, costs, and lost interest.

50. As a direct and proximate result of Liberty' intentional, malicious, willful and bad faith conduct, plaintiff seeks punitive damages.

51. Upon information and belief, Liberty knowingly, wrongfully, intentionally and maliciously refused to act in conformity with the rulings of the West Virginia Supreme Court of Appeals in the manner in which it treated plaintiff and handled his first-party claim.

52. Upon information and belief, Liberty has wrongfully, intentionally and maliciously breached its duties to plaintiff, including refusals or failures to conduct a reasonable investigation of plaintiff's claim.

53. Upon information and belief, Liberty knew or should have known that plaintiff's damages arising from the storm losses exceeded or equaled the policy limits available to the plaintiff from his Liberty insurance policy.

54. Upon information and belief, Liberty has wrongfully, intentionally and maliciously failed and/or refused to conduct a reasonable investigation of all aspects of plaintiff's claim, and further refused to conduct itself in conformity with the directives of the West Virginia Insurance Commissioner's Office.

55. Upon information and belief, Liberty, its officers, agents and employees have knowingly, wrongfully, intentionally and maliciously handled plaintiffs' claim by only collecting the minimum facts necessary to support its wrongful, intentional and malicious coverage position, and further, refused to timely review the relevant body of law applicable to plaintiff's claim.

56. Upon information and belief, Liberty, its officers, agents and employees have knowingly, wrongfully, intentionally and maliciously engaged in conduct that is unconscionable, deceptive, wrong and outrageous with regard to its coverage positions that are contrary to the laws of this State, the rulings of the West Virginia Supreme Court of Appeals and Liberty' own internal claims handling guidelines or directives.

Merlin Complaint – Page 6

57.     Upon information and belief, Liberty, its officers, agents and employees committed acts and/or omissions or failures described herein, knowingly, wrongfully, intentionally and maliciously, and as part of a general business practice of violating the provisions of West Virginia Code § 33-11-4(9).

58.     Upon information and belief, Liberty has committed these acts and other acts not denominated above, which constitute numerous violations of the Insurance Unfair Trade Practices Act, West Virginia Code § 33-11-4(9), titled Unfair Claims Settlement Practices.

59.     Upon information and belief, the wrongful intentional and malicious acts, omissions and/or conduct of Liberty has compelled plaintiff to institute litigation and suffer hardship in many ways, including, but not limited to, delay, financial hardship, embarrassment, annoyance and inconvenience.

60.     Upon information and belief, Liberty has violated West Virginia's Unfair Claims Settlement Practices Act in handling plaintiff's claim and has done so with respect to the claims of others with such frequency so as to constitute a general business practice.

61.     Upon information and belief, Liberty has acted willfully, wantonly, maliciously and with reckless disregard for the civil rights of plaintiff. Said acts, conduct and/or omissions were done with criminal indifference so as to permit an award of punitive damages.

WHEREFORE, the plaintiff prays for a trial by jury and for the following relief against Liberty Insurance Company:

1.     An Order compelling Liberty Mutual Insurance Company indemnify the plaintiff for the cost of his loss in accordance with the schedule of benefits provided by the subject policy;

2.     To the extent that the defendant relied upon any policy exclusions to withhold payment to the plaintiff, an Order finding that those exclusions were ambiguous;

3.     An Order finding that Liberty' conduct gave rise to plaintiff's damages;

4.     An Order finding that Liberty violated West Virginia's unfair trade practices act, W.Va. code 33-11-4(9), et seq., with such frequency to constitute a general business practice;

5. An Order finding that the actions and omissions of the defendant, whether negligent or intentional were outrageous, extreme, severe and continuing which caused severe emotional distress;

6. An Order finding that Liberty engaged in a pattern of malicious and reckless conduct toward the plaintiff to an extent giving rise to punitive damages;

7. Judgment against Liberty for all compensatory damages, all extra-contractual damages, punitive damages, and attorney fees, pursuant to the principles of Hayseeds v. State Farm Fire & Casualty, 177 W.Va. 323, 352 S.E.2d 73 (1986);

8. An Order finding that the plaintiff detrimentally relied upon the representations of the defendant.

9. Cause prejudgment interest and/or post-judgment interest to be awarded together with any such further relief as a Judge or jury shall find. The jurisdictional limits for this filing have been satisfied.

Todd Wiseman, State Bar #6811.
Wiseman Law Firm, PLLC
Counsel for Plaintiff

1510 Grand Central Avenue
Vienna, WV 26105
(304) 428-3006



U.S. POSTAGE >> PITNEY BOWES

ZIP 25311   $ 006.65⁰
02 4W
0000336734 FEB 25 2020